IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50135
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

KEITH VERNON HOSTER,

                                    Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-91-CR-168-1
- - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

     Keith Hoster has appealed the district court's denial of his motion to reduce his prison term, which he requested on authority of 18 U.S.C. § 3582(c)(2).  We affirm.

     Hoster asserts, based on Amendment 484 to the Sentencing Guidelines, § 2D1.1, comment. (n.1), that the 110 pounds of phenylacetic acid should not have been included in the total drug quantity used to determine his base offense level.  He reasons that acid is not a "drug" but a "chemical," which cannot be counted because it never was processed into amphetamine.  Hoster

     [*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

asserts that this court's opinion on his direct appeal erroneously provided a "made up" method to allow such calculation, in violation of the Guidelines.

Amendment 484 is not applicable to Hoster's sentence because the phenylacetic acid was not and was not treated as a "mixture or substance containing a detectable amount of the controlled substance," to quote a footnote to the Drug Quantity Table, U.S.S.G. § 2D1.1(c). The district court properly considered Hoster's purchase of phenylacetic acid as relevant conduct. U.S.S.G. § 1B1.3(a)(2); see United States v. Hoster, 988 F.2d 1374, 1379 (5th Cir. 1993).

Hoster's contention that this court decided his direct appeal incorrectly is foreclosed by rules of stare decisis. First, a panel of this court may not overrule a prior dispositive panel decision unless there has been a superseding decision of the court sitting en banc or of the Supreme Court. United States v. Crouch, 51 F.3d 480, 483 (5th Cir. 1995). Furthermore, a panel of this Court will "follow the prior decisions in a case as the law of that case" unless "(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice." Alberti v. Klevenhagen, 46 F.3d 1347, 1351 n.1 (5th Cir. 1995) (citation and quotation marks omitted). Accordingly, this court will not reexamine any issue of law which the court determined upon Hoster's direct appeal.

AFFIRMED.